IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 4:24-CV-01319 |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | ON ALL ISSUES SO TRIABLE |
| ) | |
| SUBURBAN HEIGHTS LLC, ) | |
| CRESTLINE PROPERTY LLC, ) | |
| TRILINE PROPERTIES LLC, and ) | |
| JINGLE PROPERTIES LLC, ) | |
| ) | |
| Defendants. ) | |

**<u>DEFENDANTS CRESTLINE PROPERTY LLC, TRILINE PROPERTIES LLC, AND JINGLE PROPERTIES LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT</u>**

Defendants Crestline Property, LLC, Triline Properties, LLC, and Jingle Properties, LLC (collectively, the "Defendants"), by and through undersigned counsel, respectfully submit their Answer and Affirmative Defenses to Plaintiff United States of America's ("United States") Complaint, and hereby state:

**NATURE OF THIS ACTION**

1. Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph No. 1 regarding the United States's purpose in bringing this cause of action. Therefore, the Defendants deny the same and demand strict proof thereof.

2. Defendants state that allegations in Paragraph 2 contain conclusions of law and therefore do not require an answer from Defendants. To the extent an answer is required to any allegation contained in Paragraph No. 2, Defendants deny any such allegation and demand strict proof thereof.

## JURISDICTION AND VENUE

3. Defendants state that the allegations in Paragraph No. 3 regarding the Court's jurisdiction over this action are conclusions of law and therefore do not require an answer from Defendants. To the extent an answer is required to any allegation contained in Paragraph No. 3, Defendants deny any such allegation and demand strict proof thereof.

4. Defendants state that the allegations in Paragraph No. 4 regarding the venue for this action are conclusions of law and therefore do not require an answer from Defendants. To the extent an answer is required to any allegation contained in Paragraph No. 4, Defendants deny any such allegation and demand strict proof thereof.

## THE DEFENDANTS AND THE SUBJECT PROPERTY

5. Defendants admit the allegations in Paragraph No. 5 regarding the number of residential units available and the location of the subject property in this lawsuit. Defendants deny any and all remaining allegations in Paragraph No. 5.

6. Defendants admit the allegations in Paragraph No. 6.

7. Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph No. 7 as to the particulars of the matters referenced. Therefore, the Defendants deny the same and demand strict proof thereof.

8. Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph No. 8 as to the particulars of the matters referenced. Therefore, the Defendants deny the same and demand strict proof thereof.

9. Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph No. 9 as to the particulars of the matters referenced. Therefore, the Defendants deny the same and demand strict proof thereof.

10. Defendants admit the allegations in Paragraph No. 10.

11. Defendants admit the allegations in Paragraph No. 11.

12. Defendants admit the allegations in Paragraph No. 12.

13. Defendants admit the allegations in Paragraph No. 13.

## FACTUAL ALLEGATIONS
### Renovation and marketing of Suburban Heights

14. Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph No. 14 as to the particulars of the matters referenced. Therefore, the Defendants deny the same and demand strict proof thereof.

15. Defendants admit the allegations in Paragraph No. 15.

16. Defendants admit that the Suburban Heights is marketed to members of the St. Louis metropolitan community and that this community include students at the University of Missouri – Saint Louis ("UMSL"). Defendants admit that the Suburban Heights Apartments does not have a contractual relationship with UMSL and that the units are available for UMSL students to rent. Defendants deny any and all remaining allegations in Paragraph No. 16.

17. Defendants admit the allegations in Paragraph No. 17.

18. Defendants admit the allegations in Paragraph No. 18.

19. Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph No. 19 as to the particulars of the matters referenced. Therefore, the Defendants deny the same and demand strict proof thereof.

### City of Kinloch, Missouri

20. Defendants admit the allegations in Paragraph No. 20.

21. Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph No. 21 as to the particulars of the matters referenced. Therefore, the Defendants deny the same and demand strict proof thereof.

22. Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph No. 22 as to the particulars of the matters that are referenced. Therefore, the Defendants deny the same and demand strict proof thereof.

23. Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph No. 23 as to the particulars of the matters that are referenced. Therefore, the Defendants deny the same and demand strict proof thereof.

### Publication of the Defendants' discriminatory Policy

24. Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph No. 24 as to the particulars of the matters referenced. Therefore, the Defendants deny the same and demand strict proof thereof.

25. Defendants state the allegations in Paragraph No. 25 are not directed at the Defendants and therefore do not require an answer from the Defendants. To the extent Paragraph No. 25 contains allegations that may construed as being directed against the Defendants, Defendants deny any and all such allegations in Paragraph No. 25 and demand strict proof thereof.

26. Defendants deny the allegations in Paragraph No. 26 and demand strict proof thereof.

27. Defendants admit the allegations in Paragraph No. 27.

28. Defendants admit the allegations in Paragraph No. 28.

### Enforcement of the Defendants' discriminatory Policy

29. Defendants admit the allegations in Paragraph No. 29.

30. Defendants admit the allegations in Paragraph No. 30.

31. Defendants admit the allegations in Paragraph No. 31.

32. Defendants deny the allegations in Paragraph No. 32 and demand strict proof thereof.

33. Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph No. 33 as to the particulars of the matters that are referenced. Therefore, the Defendants deny the same and demand strict proof thereof.

34. Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph No. 34 as to the particulars of the matters that are referenced. Therefore, the Defendants deny the same and demand strict proof thereof.

35. Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph No. 35 as to the particulars of the matters that are referenced. Therefore, the Defendants deny the same and demand strict proof thereof.

**Prospective tenants**

36. Defendants deny the allegations in Paragraph No. 36 and demand strict proof thereof.

37. Defendants admit the allegations in Paragraph No. 37.

38. Defendants admit the allegations in Paragraph No. 38.

39. Defendants deny the allegations in Paragraph No. 39 and demand strict proof thereof.

40. Defendants deny the allegations in Paragraph No. 40 and demand strict proof thereof.

**Black-White disparities in conviction and incarceration rates**

41. Defendants admit the allegations in Paragraph No. 41 and further state that the disparity in felony conviction rates and incarceration rates between white and black individuals are, at least in part, directly and proximately caused by the actions of the United States beginning in the Reconstruction Era and continuing through the present.

42. Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph No. 42 as to the particulars of the data that is referenced. Therefore, the Defendants deny the same and demand strict proof thereof. Defendants further state that any disparity in felony conviction rates and incarceration rates between white and black individuals are, at least in part, directly and proximately caused by the actions of the United States beginning in the Reconstruction Era and continuing through the present.

43. Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph No. 43 as to the particulars of the data that is referenced. Therefore, the Defendants deny the same and demand strict proof thereof. Defendants further state that any disparity in felony conviction rates and incarceration rates between white and black individuals are, at least in part, directly and proximately caused by the actions of the United States beginning in the Reconstruction Era and continuing through the present.

44. Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph No. 44 as to the particulars of the data that is referenced. Therefore, the Defendants deny the same and demand strict proof thereof. Defendants further state that any disparity in felony conviction rates and incarceration rates between white and black individuals are, at least in part, directly and proximately caused by the actions of the United States beginning in the Reconstruction Era and continuing through the present.

45. Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph No. 45 as to the particulars of the data that is referenced. Therefore, the Defendants deny the same and demand strict proof thereof. Defendants further state that any disparity in felony conviction rates and incarceration rates between white and black individuals are, at least in part, directly and proximately caused by the actions of the United States beginning in the Reconstruction Era and continuing through the present.

46. Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph No. 46 as to the particulars of the data that is referenced. Therefore, the Defendants deny the same and demand strict proof thereof. Defendants further state that any disparity in felony conviction rates and incarceration rates between white and black individuals are, at least in part, directly and proximately caused by the actions of the United States beginning in the Reconstruction Era and continuing through the present.

47. Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph No. 47 as to the particulars of the data that is referenced. Therefore, the Defendants deny the same and demand strict proof thereof. Defendants further state that any disparity in felony conviction rates and incarceration rates between white and black individuals are, at least in part, directly and proximately caused by the actions of the United States beginning in the Reconstruction Era and continuing through the present.

**Past criminal histories overstate Black-White disparities in criminal activity
and do not reliably predict future criminal activity**

48. Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph No. 48 as to the particulars of the data that is referenced. Therefore, the Defendants deny the same and demand strict proof thereof. Defendants further state that any disparity in felony conviction rates and incarceration rates between white and black individuals

7

are, at least in part, directly and proximately caused by the actions of the United States beginning in the Reconstruction Era and continuing through the present.

49. Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph No. 49 as to the particulars of the data that is referenced. Therefore, the Defendants deny the same and demand strict proof thereof. Defendants further state that any disparity in felony conviction rates and incarceration rates between white and black individuals are, at least in part, directly and proximately caused by the actions of the United States beginning in the Reconstruction Era and continuing through the present.

50. Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph No. 50 as to the particulars of the data that is referenced. Therefore, the Defendants deny the same and demand strict proof thereof. Defendants further state that any disparity in felony conviction rates and incarceration rates between white and black individuals are, at least in part, directly and proximately caused by the actions of the United States beginning in the Reconstruction Era and continuing through the present.

51. Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph No. 51 as to the particulars of the data that is referenced. Therefore, the Defendants deny the same and demand strict proof thereof. Defendants further state that any disparity in felony conviction rates and incarceration rates between white and black individuals are, at least in part, directly and proximately caused by the actions of the United States beginning in the Reconstruction Era and continuing through the present.

52. Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph No. 52 as to the particulars of the data that is referenced. Therefore, the Defendants deny the same and demand strict proof thereof. Defendants further state that any

disparity in felony conviction rates and incarceration rates between white and black individuals are, at least in part, directly and proximately caused by the actions of the United States beginning in the Reconstruction Era and continuing through the present.

53. Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph No. 53 as to the particulars of the data that is referenced. Therefore, the Defendants deny the same and demand strict proof thereof. Defendants further state that any disparity in felony conviction rates and incarceration rates between white and black individuals are, at least in part, directly and proximately caused by the actions of the United States beginning in the Reconstruction Era and continuing through the present.

54. Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph No. 54 as to the particulars of the data that is referenced. Therefore, the Defendants deny the same and demand strict proof thereof. Defendants further state that any disparity in felony conviction rates and incarceration rates between white and black individuals are, at least in part, directly and proximately caused by the actions of the United States beginning in the Reconstruction Era and continuing through the present.

55. Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph No. 55 as to the particulars of the data that is referenced. Therefore, the Defendants deny the same and demand strict proof thereof. Defendants further state that any disparity in felony conviction rates and incarceration rates between white and black individuals are, at least in part, directly and proximately caused by the actions of the United States beginning in the Reconstruction Era and continuing through the present.

56. Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph No. 56 as to the particulars of the data that is referenced. Therefore, the Defendants deny the same and demand strict proof thereof.

57. Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph No. 57 as to the particulars of the data that is referenced. Therefore, the Defendants deny the same and demand strict proof thereof.

## Black individuals are disproportionately renters in St. Louis City and St. Louis County

58. Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph No. 58 as to the particulars of the matters referenced. Therefore, the Defendants deny the same and demand strict proof thereof.

59. Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph No. 59 as to the particulars of the data that is referenced. Therefore, the Defendants deny the same and demand strict proof thereof.

60. Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph No. 60 as to the particulars of the data that is referenced. Therefore, the Defendants deny the same and demand strict proof thereof.

## Conclusion

61. Defendants state that they cannot admit or deny the allegations in Paragraph No. 61 because the United States provided vague, ambiguous, and confusing statements in Paragraph No. 61 that are not limited to a single set of circumstances as required by Fed. R. Civ. P. 10(a). Therefore, Defendants deny the same and demand strict proof thereof. To the extent any meaning can be ascertained from the allegations set forth in Paragraph No. 61 Defendants deny any and all allegations that are purported to be in Paragraph No. 61 and demand strict proof thereof.

62. Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph No. 62 as to the particulars of the data that is referenced. Therefore, the Defendants deny the same and demand strict proof thereof. Defendants further state that any disparity in felony conviction rates and incarceration rates between white and black individuals are, at least in part, directly and proximately caused by the actions of the United States beginning in the Reconstruction Era and continuing through the present.

63. Defendants deny the allegations in Paragraph No. 63 and demand strict proof thereof.

64. Defendants deny the allegations in Paragraph No. 64 and demand strict proof thereof.

65. Defendants deny the allegations in Paragraph No. 65 and demand strict proof thereof.

**LIABILITY**

66. Defendants state that allegations in Paragraph 66 contain conclusions of law and therefore do not require an answer from Defendants. To the extent an answer is required to any allegation contained in Paragraph No. 66, Defendants deny any such allegation and demand strict proof thereof.

67. Defendants state that allegations in Paragraph 67 contain conclusions of law and therefore do not require an answer from Defendants. To the extent an answer is required to any allegation contained in Paragraph No. 67, Defendants deny any such allegation and demand strict proof thereof.

68. Defendants state that allegations in Paragraph 68 contain conclusions of law and therefore do not require an answer from Defendants. To the extent an answer is required to any

allegation contained in Paragraph No. 68, Defendants deny any such allegation and demand strict proof thereof.

69. Defendants state that allegations in Paragraph 69 contain conclusions of law and therefore do not require an answer from Defendants. To the extent an answer is required to any allegation contained in Paragraph No. 69, Defendants deny any such allegation and demand strict proof thereof.

70. Defendants state that allegations in Paragraph 70 contain conclusions of law and therefore do not require an answer from Defendants. To the extent an answer is required to any allegation contained in Paragraph No. 70, Defendants deny any such allegation and demand strict proof thereof.

71. Defendants state that allegations in Paragraph 71 contain conclusions of law and therefore do not require an answer from Defendants. To the extent an answer is required to any allegation contained in Paragraph No. 71, Defendants deny any such allegation and demand strict proof thereof.

**CLAIM FOR RELIEF**

72. Defendants state that allegations in Paragraph 72 contain conclusions of law and therefore do not require an answer from Defendants. To the extent an answer is required to any allegation contained in Paragraph No. 72, Defendants deny any such allegation and demand strict proof thereof.

73. Defendants state that allegations in Paragraph 73 contain conclusions of law and therefore do not require an answer from Defendants. To the extent an answer is required to any allegation contained in Paragraph No. 73, Defendants deny any such allegation and demand strict proof thereof.

74. Defendants state that allegations in Paragraph 74 contain conclusions of law and therefore do not require an answer from Defendants. To the extent an answer is required to any allegation contained in Paragraph No. 74, Defendants deny any such allegation and demand strict proof thereof.

75. Defendants state that allegations in Paragraph 75 contain conclusions of law and therefore do not require an answer from Defendants. To the extent an answer is required to any allegation contained in Paragraph No. 75, Defendants deny any such allegation and demand strict proof thereof.

WHEREFORE, Defendants Crestline Property, LLC, Triline Properties, LLC, and Jingle Properties, having fully answered Plaintiff's Complaint, respectfully pray this Court enter an Order dismissing Plaintiff's Complaint with prejudice, enter judgment in their favor on all claims asserted in the Complaint, award the Defendants their costs, litigation expenses, and attorneys' fees incurred in this action, grant a jury trial on all issues so triable, and grant such other relief as the Court deems just and proper.

**JURY TRIAL DEMANDED ON ALL ISSUES SO TRIABLE**

**DEFENDANTS' AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

1. All allegations of fact and legal conclusions not specifically admitted are hereby denied.

2. Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendants. The complaint alleges broadly that because Defendants published and enforced a blanket ban on convicted felons being approved for residency in their apartment complex, racial discrimination is present. As a threshold matter, determining whether racial discrimination is actually present would require a factual analysis into whether Defendants actually discriminated

against any particular potential tenant on the basis of race. To be clear, the purported racial discrimination alleged in the complaint apparently stems from someone's status of having a "felony conviction." If that is the case, that is not the product of any action over which Defendants have any control, but is instead the product of law enforcement tactics and prosecutorial decision-making that the United States Government itself employs. Plaintiff has not and cannot establish a causal nexus between the alleged "discriminatory" policy of the Defendants and actual racial discrimination.

3. Pleading in the alternative, Plaintiff's claims may be barred in whole or part under the doctrines of unclean hands, estoppel, and waiver because any disparity in felony conviction rates and incarceration rates between white and black individuals—and the racial discrimination that may inadvertently result—has been, at least in part, directly and proximately caused by the actions of the United States itself—beginning in the Reconstruction Era and continuing through the present.

To be clear, the United States Department of Justice is the chief law enforcement entity in this country, and the sole arbiter of who is prosecuted for federal crimes. As the Supreme Court has noted, "[t]he Attorney General and United States Attorneys retain 'broad discretion' to enforce the Nation's criminal laws." *United States v. Armstrong*, 517 U.S. 456, 464 (1996) (*quoting Wayte v. United States,* 470 U.S. 598, 607 (1985)). Indeed, "'so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion.'" *Bordenkircher v. Hayes,* 434 U.S. 357, 364 (1978)). But there are guardrails on the Department of Justice in bringing prosecutions, particularly "constitutional constraints." *United States v. Batchelder,* 442 U.S. 114, 125 (1979). One of those constitutional constraints is the

14

prohibition on bringing a prosecution "based on 'an unjustifiable standard, such as race . . .'" *Armstrong*, 517 U.S. at 464 (*quoting Oyler v. Boles*, 368 U.S. 448, 456 (1962)). The Due Process Clause of the Fifth Amendment places these limitations on federal prosecutions. *Armstrong*, 517 U.S. at 464 (*quoting Bolling v. Sharpe,* 347 U.S. 497, 500 (1954)). The Due Process Clause and Equal Protection Clause of the Fourteenth Amendment places these identical limitations on state-level prosecutions. *Brown v. Board of Ed. of Topeka, Shawnee County, Kan.*, 347 U.S. 483, 490 (1954) (*citing In re Slaughter-House Cases*, 1873, 16 Wall. 36, 67 (1872)). If courts must assume regularity in prosecutions based on race because of these constitutional constraints, courts cannot then reasonably make a subsequent finding that the downstream effects of the governments' prosecutorial decisions are illegally race-based. The United States government—the Plaintiff here—cannot have it both ways and can articulate no remedy that can be awarded by this Court for a "problem" of its own making.

4. Pleading in the alternative, Plaintiff's claims may be barred in whole or in part by the doctrine of laches and/or the applicable statutes of limitations.

5. Pleading in the alternative, to the extent Plaintiff can establish that they sustained the damages alleged in Complaint, which is specifically denied, any such damages were the result of acts or omissions of third parties that are not under the control of the Defendants.

6. Defendants are entitled to a setoff or credit in the amount of any compromise reached by Plaintiff with any other party or person for any of Plaintiff's alleged damages.

7. Defendants reserve the right to assert additional defenses and matters in avoidance as may be disclosed during additional investigation and discovery.

WHEREFORE, Defendants Crestline Property, LLC, Triline Properties, LLC, and Jingle Properties, having fully answered Plaintiff's Complaint, respectfully pray this Court enter an Order

dismissing Plaintiff's Complaint with prejudice, enter judgment in their favor on all claims asserted in the Complaint, award the Defendants their costs, litigation expenses, and attorneys' fees incurred in this action, grant a jury trial on all issues so triable, and grant such other relief as the Court deems just and proper.

**JURY TRIAL DEMANDED ON ALL ISSUES SO TRIABLE**

Respectfully submitted,

**Margulis Gelfand, LLC**

*/s/ Justin K. Gelfand*
WILLIAM S. MARGULIS, #37625
JUSTIN K. GELFAND, #62265
GREGORY P. BAILEY #97822MD
7700 Bonhomme Ave., Ste. 750
St. Louis, MO 63105
Telephone: 314.390.0234
Facsimile: 314.485.2264
bill@margulisgelfand.com
justin@margulisgelfand.com
greg@margulisgelfand.com
*Counsel for Defendants Crestline Property LLC, Triline Properties LLC, and Jingle Properties LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I filed this pleading through the Court's electronic filing system which will email a notification to all counsel of record.

<u>/s/ Justin K. Gelfand</u>
JUSTIN K. GELFAND, #62265
7700 Bonhomme Ave., Ste. 750
St. Louis, MO 63105
Telephone: 314.390.0234
Facsimile: 314.485.2264
justin@margulisgelfand.com
*Counsel for Defendants Crestline Property LLC,
Triline Properties LLC, and Jingle Properties LLC*
